## PELTON'S SPUDNUTS, Inc. v. DOANE.

No. 7515.   Decided August 6, 1951.   (234 P. 2d 852.)

See 17 C. J. S., Contracts, sec. 245. Agreement by employee to refrain from competing with business of employer after termination of employment contract. 36 Am. Jur., Monopolies, Combinations and Restraints of Trade, sec. 69; 119 A. L. R. 1452.

*Edward W. Clyde,* Salt Lake City, for appellant.

*Arthur Woolley,* Ogden, for respondent.

McDONOUGH, Justice.

Plaintiff sued for money damages and for an accounting based upon a written contract. Defendant, by his answer, alleged that the contract was in aid of monopoly, unenforceable, and that the attached rider was void. From a judgment in favor of defendant, plaintiff appeals.

The written agreement between the parties dated January 2, 1948, recites that the first party (plaintiff) is the sole owner of and has the exclusive right to the use of the trade-name *Spudnuts* as used in connection with the sale, manufacture, and advertising of doughnuts or similar products; and that second party (defendant) is granted the exclusive right to use the trade-name *Spudnuts* together with all trademarks, designs, labels, sacks or other containers used in connection with the production and advertising and sale of such product for a period of two years, within the area of Clearfield, Layton and Kaysville, Utah. The agreement also recites that the second party agrees to purchase from first party in each six months period, a minimum of 10,000 pounds of spudnut mix "at the prevailing price," and that second party will not sell nor otherwise dispose of such mix so obtained to third parties without approval of first party.

Attached to the written instrument was a rider which by its terms was to become a part of the "franchise." It provided that 5% of the gross spudnut sales of defendant should be spent for advertising, with 2½% to be paid by plaintiff and 2½% to be paid by defendant, the plaintiff to have control of all advertising.

The parties will be referred to herein as they appeared below.

Plaintiff seeks reversal of the judgment on the ground that the trial court erred in the construction of written instruments in controversy, and in holding that there was no enforceable agreement between the parties.

At the trial, plaintiff sought to show that defendant's place of business sold approximately 75 dozen doughnuts per day, at a price of 50 cents per dozen; that Doane Confectionery was included in the spudnut advertising; that plaintiff paid a total of $1,000 per month on an advertising program for the benefit of all spudnut shops; and that defendant paid neither $2\frac{1}{2}\%$ of the gross sales nor any other sum or amount to plaintiff for advertising. The evidence was excluded. The trial court ruled that the rider was void on its face as "too indefinite and uncertain," and that the entire contract was unenforceable.

Plaintiff contends that the ruling of the court with respect to the rider was erroneous, unless the trial court should have found that defendant did not in fact operate the shop and had no interest in it, and therefore had no gross sales and no liability under the rider. Its contention must be sustained, for the rider is neither indefinite nor uncertain. Plaintiff reserved control of the type of advertising, but failure to allow defendant any voice in the advertising program did not avoid his liability to pay plaintiff $2\frac{1}{2}\%$ of his gross sales to cover his share of advertising costs. The trial court failed to make any finding with respect to ownership of the confectionery, although the trade-name "Spudnuts" was used in connection therewith. In view of our holding that the rider was valid, the trial court should have found whether or not defendant owned the shop, and if ownership were established, the defendant should have been required to account for gross sales made while the shop operated under the trade-name of "Spudnuts" in order to determine his liability to plaintiff under the rider.

Plaintiff also offered evidence to show that during the first year following execution of the contract, 17,500 pounds of spudnut mix delivered to Doane's Confectionery at Clearfield, Utah, had been accepted and payment had been made therefor; that defendant signed the checks for the confectionery business during that period of time; that the

charge to dealers in Utah was $17.50 per bag of 50 pounds, the cost of production being $10 per bag, leaving a margin of profit of $7.50 per bag or $15 per hundred pounds; and that about January 1949 the defendant notified plaintiff that he wanted to sell his business because he was not making any money, and that he would not purchase any more doughnut mix from plaintiff. While there was direct evidence at the trial that defendant's wife claimed ownership of Doane's Confectionery and used the trade-name owned by plaintiff and purchased spudnut mix, and defendant denied he had any interest in the store, there was sufficient competent evidence that the defendant represented himself to be the owner and exercised such control as to be regarded as the owner of such business. The trial court could have made findings to such effect.

After defendant testified that he had no interest in the business and denied that he had personally purchased any spudnut mix from plaintiff, the plaintiff moved to amend the complaint to allege that defendant had never made any purchase. The judge denied such request, and ruled that inasmuch as the price basis in the agreement was merely stated as "the prevailing price," it was too uncertain and indefinite to be enforceable, and that in view of the right reserved to plaintiff to limit the amount of inventory to prevent spoilage, the agreement did not require the purchase of any definite or certain amount of mix. The trial court made a finding to the effect that the agreement was abrogated in January 1949, and entered judgment in favor of defendant, "No cause of action."

One of the bases for adjudging the contract unenforceable was the provision which required defendant to refrain from engaging in a busineses of such character for one year following termination of the agreement. The restraint was merely limited to the territory in which the business was operated. The period of restraint was not unreasonable. There is no merit to the finding that the agreement to refrain from engaging in such business

in such limited area for one year was an illegal restraint of trade. See 17 C. J. S., Contracts, § 245, p. 626. Furthermore, such provision in the contract is severable, and there could have been a perfectly vaild contract if such provision were eliminated. The trial did not proceed on the theory that defendant was liable for breach of such provision of the contract. No damages were sought for any such breach. There was some evidence that defendant continued in business using the trade-name without using the spudnut mix manufactured by plaintiff. But plaintiff as owner of the trade-name and process for spudnut mix was entitled to complain if defendant was using such trade-name without authority to do so, whether directly or by operating the business in his wife's name.

The principal basis announced by the trial court for exonerating defendant from liability was the alleged indefinitness and uncertainty of the contract provisions. The court in effect held that the provision which permitted plaintiff to limit the inventory defendant might have on hand, annulled the requirement that defendant purchase at least 10,000 pounds of spudnut mix during each six months period. The interpretation was erroneous. The provision in question merely operated as a brake on the amount which the defendant might purchase in excess of the minimum. The parties had a right to determine the quantities which might reasonably be required to keep defendant in such business under the franchise. The agreement upon the part of defendant to purchase a minimum amount of mix each six months is by such construction made to harmonize with the provision reserving the right in the seller to limit the inventory on hand. Such construction is to be peferred to that whereby the former provision would be abrogated by the latter. See 12 Am. Jur., Contracts, sec. 241, p. 772-775.

The trial court also held that the promise to sell the mix "at the prevailing price" was too indefinite and uncertain

to constitute a basis for determining price. Such term as employed in the agreement could only have reference to the particular trade, inasmuch as only plaintiff sold supdnut mix to holders of franchises. It covenanted in effect that it would sell the mix at the price at which it generally sold to others in the territory. If some special exception were made, such price would not be the "prevailing price." No contention was made in this case that plaintiff gave others preferential treatment nor charged defendant an excessive price. The trial court also erred in refusing to allow plaintiff to show the costs of producing the mix and the price at which it was sold to franchise holders.

Plaintiff's contention must likewise be upheld in assigning error on the part of the court in concluding that the contract could be terminated at the option of defendant at any time, as the agreement was for a definite term of two years. Many persons might be reluctant to issue a franchise to a person for a definite territory without having the assurance that he will be financially responsible to conduct a business of such a character and volume for such period of time which will be profitable to the owner of the franchise.

The defendant might have shown that when he gave notice of repudiation of the contract in January 1949 that plaintiff sold the same quantities or even greater quantities of mix to some one who took over the franchise, if such were the fact, and that plaintiff had not been damaged at all or not damaged to the extent claimed. However, there is some evidence that defendant operated the Doane's Confectionery in his wife's name, and after the alleged termination date doughnuts were sold under the trade-name of "Spudnuts." If a party continues to exercise the privileges of a franchise, whether in his own name or through a nominee, he is not in any position to deny the obligations which attach to such use.

For the reasons hereinabove stated, the judgment of the district court is reversed, and the cause is remanded to the lower court for a new trial in accordance with the views herein expressed. In the event the court finds that defendant did not in fact own the Doane's Confectionery, he will not be held liable for advertising costs under the rider, but he will likewise not be credited with any purchases of spudnut mix. Costs to appellant.

WADE, CROCKETT and HENRIOD, JJ., concur.

WOLFE, C. J., concurs in the result.